R. JASON READ, State Bar No. 117561
BART M. BOTTA, State Bar No.167051
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911
Facsimile: (949) 752-0953
Jason@rjlaw.com
Bart@rjlaw.com

Attorneys for Plaintiffs
JAMES F. CARR, an individual d/b/a
GREEN BARN DISTRIBUTING

FILED
07 MAR 16 AM 11:09
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES F. CARR, an individual d/b/a GREEN BARN DISTRIBUTING,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN CITRUS, INC., a corporation; HANNA GIBO, an individual; SABAH YOUKHANNA, an individual,<br><br>Defendants. | CASE NO. 07-CV-00286 BEN (WMc)<br><br>ORDER RE STIPULATION FOR ENTRY OF JUDGMENT AGAINST DEFENDANTS SOUTHERN CITRUS, INC., HANNA GIBO, AND SABAH YOUKHANNA |

### ORDER

Having read the Stipulation for entry of judgment and good cause appearing therefore,

IT IS HEREBY ORDERED that said Stipulation is approved in its entirety.

IT IS FURTHER ORDERED that the following Stipulated Findings of Fact are adopted by this Court:

07-117/[Proposed] Order Re Stip                                    1

1. Between December 20, 2006 and January 26, 2007, GBD sold and shipped to Defendant SCI at SCI's request, perishable agricultural commodities for agreed upon selling prices cumulatively totaling the amount of at least $128,062.49;

2. GBD has taken all steps necessary to properly preserve its PACA Trust rights under 7 U.S.C. §499e(c) with respect to the sales transactions described above and all sums due GBD from Defendants as separately set forth herein qualify for protection under the PACA trust statute.

3. Defendants have failed to pay GBD for the PACA balance due as described above, except for one payment of $41,063.10 made on February 12, 2007, and the non-payment of which constitutes a violation of PACA [7 U.S.C. §499e(c)].

4. GBD owes Defendants $13,211.25 for purchases of perishable agricultural commodities made between November 9, 2006 and January 22, 2007.

5. The Individual Defendants are and during all times relevant herein were officers, directors, and/or members of partners of SCI and were in positions to jointly and severally control the PACA trust assets that are the subject of the above-captioned lawsuit.

6. Defendants are statutory PACA trustees obligated to preserve the PACA trust assets for the benefit of GBD as PACA trust beneficiaries of Defendants and have breached their obligations as trustees by failing to preserve the PACA trust assets in a manner such that said assets are freely available to promptly pay the sums due to Plaintiff. Defendants are therefore jointly and severally liable to Plaintiff for such breach. For example, The Individual Defendants had check signing authority on behalf of SCI, and determined whether and when creditors of SCI were paid.

7. The accrued interest charges and attorney's fees incurred herein qualify for PACA trust protection along with the principal sums due for Defendants purchase of the produce that is the subject of this lawsuit.

8. The total amount due under this Stipulation is $80,288.14, itemized as follows:

1     A. Principal: $73,788.14 (original principal balance of $128,062.49 less $41,063.10 payment received by GBD and less $13,211.25 owed to Defendants from GBD and used here as a setoff);

   B. Attorney's fees and costs: $6,500.00.

9. All admissions and stipulated facts set forth above are made for the purpose of facilitating settlement of the dispute between The Parties. Said admissions and stipulated facts are binding upon The Parties hereto for all purposes but may not be used or relied upon by any person not a party to this agreement for any purpose whatsoever.

10. The Parties, for themselves and for no others, wish to avoid the further expense and uncertainty of litigation and therefore wish to fully resolve and compromise this dispute, and desire to enter into a Stipulation for Entry of Judgment whereby said Defendants shall pay to Plaintiff the compromised agreed to herein in the manner specified below.

IT IS FURTHER ORDERED that upon default as described at paragraph 14 of the foregoing stipulation, Plaintiff shall be entitled to immediate entry of judgment in the manner and under the conditions set forth in said Stipulation in a form set forth at Exhibit 2 attached hereto. Judgment shall be in an amount equal to the full principal sum due to Plaintiff as described in this Stipulation, less any payments received by Plaintiff prior to entry of judgment plus finance charges, attorneys fees and any and all other amounts allowed by this Stipulation.

IT IS FURTHER ORDERED that upon entry of this Order Plaintiff's complaint shall be dismissed, without prejudice, subject to reopening in the manner set forth in the

///

///

///

Stipulation for the purposes of interpreting and/or enforcing the terms of this Stipulation and entering and enforcing judgment as contemplated herein.

IT IS FURTHER ORDERED that this Court shall retain exclusive personal and subject matter jurisdiction over this complaint for the purpose of enforcing the terms of this stipulation and entering and enforcing judgment entered thereon all purposes.

SO ORDERED.

DATED: 3/14/07

HON. ROGER T. BENITEZ
JUDGE, U.S. DISTRICT COURT

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953